**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| Aaron Auten | : | TRIAL BY JURY DEMAND |
| 812 N. Queen Street | : | |
| Lancaster, PA 17603, | : | |
| | : | CIVIL ACTION NO. |
|     Plaintiff | : | |
| | : | |
|         v. | : | |
| | : | |
| City of Lancaster | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603 | : | |
| | : | |
| The People's Bank | : | |
| 101 N. Queen Street | : | |
| Lancaster, PA 17601 | : | |
| | : | |
| Orrstown Bank | : | |
| 101 N. Queen Street | : | |
| Lancaster, PA 17601 | : | |
| | : | |
| PO Michael Hagen | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603 | : | |
| | : | |
| PO Schwebel | : | |
| 39 W. Chestnut Street | : | |
| Lancaster, PA 17603 | : | |
| | : | |
| James Castaner | : | |
| 101 N. Queen Street | : | |
| Lancaster, PA 17601 | : | |
| | : | |
|         & | : | |
| | : | |
| Kathy Thorne | : | |
| 101 N. Queen Street | : | |
| Lancaster, PA 17601, | : | |
| | : | |
|     Defendants. | : | |

1

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his attorneys, Brian J. Zeiger, Esquire, and Laura Zipin, Esquire, hereby alleges the following:

## JURISDICTION & VENUE

1.    Plaintiff alleges civil rights violations under 42 U.S.C. § 1983, and this Court has jurisdiction pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

2.    Defendants reside in the Eastern District of Pennsylvania and venue is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

3.    Plaintiff Aaron Auten is an adult resident of Pennsylvania who lives at 812 N. Queen Street, Lancaster, PA 17603.

4.    Defendant City of Lancaster is a municipality organized and existing under the laws of the Commonwealth of Pennsylvania, conducting business at 39 W. Chestnut Street, Lancaster, PA 17603.

5.    Defendants The People's Bank and Orrstown Bank are the same bank, and conduct business at 101 N. Queen Street, Lancaster, PA 17601.

6.    Defendants Hagen and Schwebel are believed to be adult citizens of Pennsylvania who conduct business at 39 W. Chestnut Street, Lancaster, PA 17603. Defendants are believed to be police officers and are being sued in their individual capacity.

7.    Defendants James Castener and Kathy Thorne are believed to be adult citizens of Pennsylvania. Their business address is 101 N. Queen Street, Lancaster, PA 17601, and they are being sued in their individual capacity.

8.    At all times material hereto, Defendant police officers acted under color of law and within

2

the course and scope of their employment, pursuant to the customs, policies, practices, ordinances, regulations, and directives of the Municipal Defendant.

## FACTUAL BACKGROUND

9.     On July 29, 2024, Plaintiff went to Starbucks on Queen Street in Lancaster City for coffee and breakfast.

10.     After he finished, Plaintiff exited Starbucks to smoke a cigarette outside.

11.     At or near the Starbucks was a neighboring bank called The People's Bank.

12.     Upon information and belief, The People's Bank is owned by Orrstown Bank.

13.     Plaintiff was lawfully standing outside of the area where the bank and Starbucks are located, smoking a cigarette.

14.     Defendant Castaner was working as a security guard at the bank.

15.     Defendant Thorne was working as an employee of the bank.

16.     Defendant Castaner told Plaintiff to put out his cigarette.

17.     Plaintiff declined.

18.     Defendants Thorne and Castaner called the police to have Plaintiff removed from the public sidewalk while he was smoking.

19.     Defendants Thorne and Castaner falsely told police that Plaintiff was trespassing *inside* the bank, but Plaintiff was never inside the bank.

20.     Defendants Hagen and Schwebel arrived at the scene.

21.     Without conducting any investigation, Defendants Hagen and Schwebel asked Plaintiff for his identification.

22.     Plaintiff asked Defendants Hagen and Schwebel if he was being detained or if this was a mere encounter.

3

23.    Defendants Hagen and Schwebel told Plaintiff it was a mere encounter, so Plaintiff refused to provide identification.

24.    Plaintiff asked for a complaint form so he could file a complaint against the Defendants Hagen and Schwebel for not knowing Fourth Amendment law and for acting in a generally unprofessional manner.

25.    Hagen refused to provide Plaintiff with the form, and in retaliation for Plaintiff's request, proceeded to shove and punch Plaintiff gratuitously.

26.    Defendants Hagen and Schwebel pushed Plaintiff into a wall with great force.

27.    Defendants Hagen and Schwebel falsely arrested Plaintiff and charged him with crimes.

28.    The portion of the above facts related to the initial encounter between Plaintiff and Defendants Hagen and Schwebel was captured on video.

29.    All charges against Plaintiff were eventually dismissed by the prosecutor.

30.    The City of Lancaster has a distinguished history of police misconduct, including the following cases:

   a.    In *Ruiz-Rivera v. City and County of Lancaster*, No. 21-2105, the plaintiff alleged that City of Lancaster police officers unreasonably tased and punched him;

   b.    In *Peña v. City of Lancaster*, No. 21-590, the plaintiff alleged that City of Lancaster police used excessive force when they were called to help with her son's mental health crisis and instead shot her son four times, killing him;

   c.    In *Stava v. City of Lancaster*, No. 25-2392, the plaintiff alleged that a City of Lancaster police officer forcefully shoved her to the ground while she was working as a photojournalist at a political rally, causing multiple injuries;

4

d. In *Williams v. City of Lancaster*, No. 18-2773, the plaintiff alleged that City of Lancaster police officers tased him in the back while he was seated and compliant;

e. In *Staten v. City of Lancaster*, No. 20-3626, the plaintiff alleged that he was falsely arrested and criminally charged without probable cause, causing him to spend 10 months in jail before the charges were dropped;

31. The police officer Defendants were not adequately trained and/or supervised on how to handle noncriminal interactions with the public in the City of Lancaster.

32. The failure to implement changes to procedures and the failure to supervise were the direct cause of the injuries suffered by Plaintiff in this case. The police officer Defendants knew they could use excessive force without consequence. Rather than change the policy, practice, or pattern that permitted the widespread use of excessive force, the City of Lancaster continued with the normal course of excessive force and false arrest against their citizens.

33. Despite full knowledge of the history of excessive use of force and unlawful arrests by Lancaster police, the policymakers for the City of Lancaster failed to address defective force and arrest practices.

## COUNT I – VIOLATION OF 42 U.S.C. § 1983
## PLAINTIFF v. ALL DEFENDANTS

34. Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

35. Defendants' actions were undertaken as part of the execution of a custom, policy, and/or practice that violated Plaintiff's civil rights.

36. Defendants' actions were taken under color of state law, are state actions under 42 U.S.C. § 1983, and have deprived Plaintiff of his rights, privileges, and/or immunities secured by the

5

Constitution and laws of the United States, including his right to bodily integrity and his right to be free from illegal seizure.

37.     Defendants also violated Plaintiff's constitutional rights under the First, Fourth, and Fourteenth Amendments of the United States Constitution by illegally seizing his person and using excessive force against him.

38.     On information and belief, the aforesaid actions of Defendants were taken intentionally, willfully, and/or with deliberate indifference to, or with reckless disregard for, the rights secured to Plaintiff. Defendants' actions as stated herein deprived Plaintiff of his rights, in violation of the United States Constitution and 42 U.S.C. § 1983.

39.     Defendants' actions were a factual and/or proximate cause of Plaintiff's substantial damages and harm.

        **WHEREFORE**, Plaintiff demands judgment for compensatory damages against all Defendants and punitive damages against all individual Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, punitive damages for the individual defendants, and declaratory and injunctive relief.

### COUNT II – EXCESSIVE FORCE
### FOURTH AMENDMENT and 42 U.S.C. § 1983
### PLAINTIFF v. DEFENDANTS HAGEN and SCHWEBEL

40.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

41.     Plaintiff believes and therefore avers that the force used upon him was unnecessary and more force than was reasonable and necessary under the circumstances.

42.     Plaintiff believes and therefore avers that Defendants, acting in concert and conspiracy

6

with each other, have by the aforementioned actions, deprived Plaintiff of his constitutional and statutory rights.

43.    Defendants' actions were a factual and/or proximate cause of Plaintiff's substantial damages and harm.

    **WHEREFORE**, Plaintiff demands judgment against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Twenty-Five Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, and punitive damages.

### COUNT III – UNCONSTITUTIONAL SEIZURE OF PERSON
### FOURTH AMENDMENT and 42 U.S.C. § 1983
### PLAINTIFF v. INDIVIDUAL DEFENDANTS

44.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

45.    Plaintiff did not commit any criminal offense related to his arrest, detention, and prosecution.

46.    Defendants did not have any probable cause to believe Plaintiff committed any criminal offense.

47.    No reasonable police officer would believe probable cause existed to arrest Plaintiff.

48.    Defendants intentionally, maliciously, and falsely arrested Plaintiff with reckless disregard for Plaintiff's constitutional rights.

49.    The false arrest and illegal seizure of Plaintiff was a violation of his Fourth Amendment rights under the United States Constitution.

50.    Defendants acted in concert and conspiracy with each other to deprive Plaintiff of his liberty.

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340

51.     As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty.

52.     As a direct and proximate result of Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life, all to his great detriment and loss.

53.     As a direct and proximate result of Defendants' aforementioned acts and conduct, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

        **WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

### COUNT IV – MALICIOUS PROSECUTION
### FOURTH AMENDMENT and 42 U.S.C. § 1983
### PLAINTIFF v. INDIVIDUAL DEFENDANTS

54.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

55.     Defendants caused Plaintiff to be charged with crimes he did not commit.

56.     The criminal charges against Plaintiff were dismissed and the case terminated in Plaintiff's favor.

57.     Defendants initiated criminal charges against Plaintiff without probable cause.

58.     Defendants knew no probable cause existed, but intentionally and maliciously pursued false charges against Plaintiff.

59.     Defendants caused Plaintiff to be prosecuted for a purpose other than seeking justice.

60.     Defendants made false assertions in order to justify the false arrest of Plaintiff and to

8

support their intentional malicious prosecution of Plaintiff.

61.     As a direct result of Defendants' intentional and malicious conduct, Plaintiff was seized and held on false criminal charges and suffered associated deprivations of liberty in violation of the Fourth Amendment to the United States Constitution.

62.     As a direct and proximate result of Defendants' actions, Plaintiff suffered serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, and the loss of the enjoyment of life, all to his great detriment and loss.

63.     As a direct and proximate result of Defendants' aforementioned acts and conduct, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT V – CONSPIRACY
## FOURTH AMENDMENT and 42 U.S.C. § 1983
## PLAINTIFF v. INDIVIDUAL DEFENDANTS

64.     Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

65.     Defendants in this matter conspired to deprive Plaintiff of his constitutional rights.

66.     Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for compensatory and punitive damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay

9

damages, interest, costs, attorneys' fees, punitive damages, and declaratory and injunctive relief.

## COUNT VI – *MONELL* CLAIM
## FOURTH AMENDMENT and 42 U.S.C. § 1983
## PLAINTIFF v. DEFENDANT CITY OF LANCASTER

67.    Plaintiff alleges each and every allegation contained in the foregoing paragraphs of this Complaint and incorporates them herein by reference as if the same were set forth at length.

68.    Defendant City of Lancaster, through its police department, established, knew of, and acquiesced to policies, procedures, and customs that Defendant knew or should have known would lead to violations of citizens' constitutional rights.

69.    The decisionmakers of Defendant City of Lancaster—including but not limited to the head of the police force, the mayor, and the individual defendants' direct supervisors—made, enforced, or turned a blind eye to the defective policies, procedures, and customs.

70.    Defendant City of Lancaster, through its police department, acted with deliberate indifference to the consequences when establishing and enforcing inadequate policies, procedures, and customs.

71.    Defendant City of Lancaster, through its police department, did not properly establish a policy regarding peaceful citizens lawfully exercising their rights.

72.    Defendant City of Lancaster, through its police department, did not properly train and supervise its police officers not to falsely arrest and put fake charges on citizens to cover up their own illegal actions, i.e., excessive force.

73.    Plaintiff believes and therefore avers that Defendant City of Lancaster has adopted and maintained for many years a recognized and accepted policy, custom, and/or practice of systematically failing to properly train, investigate, supervise, and discipline its employees, including the individual Defendants, regarding individuals' rights when interacting with law

10

enforcement.

74.     Defendant City of Lancaster, knew or should have known that its employees engaged in conduct that posed a pervasive and unreasonable risk of constitutional injury to citizens like Plaintiff, and that they deliberately, knowingly and intentionally failed to take measures to stop or limit the policy, custom and practice and therefore acquiesced in, and were deliberately indifferent to, the aforementioned unconstitutional conduct and policy.

75.     By failing to take action to stop or limit the policy, custom, and/or practice, and by remaining deliberately indifferent to the systematic abuse that occurred in accordance with and as a direct and proximate result of the policy, Defendant City of Lancaster condoned, acquiesced in, participated in, and perpetrated the policy in violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, the laws of the United States, and the laws of the Commonwealth of Pennsylvania.

76.     The conduct of Defendant City of Lancaster and/or the conduct of Defendant's employees or agents were a factual and/or proximate cause of the cause of the harm and damages sustained by Plaintiff.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendant for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

<u>**COUNT VII – FALSE IMPRISONMENT**</u>
<u>**PENNSYLVANIA LAW**</u>
<u>**PLAINTIFF v. INDIVIDUAL DEFENDANTS**</u>

77.     The allegations contained in the foregoing paragraphs are incorporated by reference as though fully set forth herein.

11

78.    By deliberately arresting and detaining Plaintiff without probable cause, Defendants knowingly and wrongfully restrained Plaintiff and interfered with his right of liberty.

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

## COUNT VIII – MALICIOUS PROSECUTION
## PENNSYLVANIA LAW
## PLAINTIFF v. INDIVIDUAL DEFENDANTS

79.    The allegations set forth in the aforementioned paragraphs are incorporated by reference as if set forth fully herein.

80.    The actions and conduct of Defendants alleged above constitute and resulted in the false arrest of Plaintiff under the laws of the Commonwealth of Pennsylvania.

81.    The actions and conduct of Defendants constitute and resulted in the malicious prosecution of Plaintiff under the laws of the Commonwealth of Pennsylvania.

82.    The criminal matter against Plaintiff was dismissed, meaning there was a favorable termination of the prosecution for Plaintiff.

83.    Defendants had no probable cause to arrest Plaintiff.

84.    As a direct and proximate result of Defendants' actions, Plaintiff suffered and continues to suffer physical pain and suffering, serious mental anguish, psychological and emotional distress, fear, anxiety, embarrassment, loss of liberty, confinement, and the loss of the enjoyment of life, all to his great detriment and loss.

85.    As a direct and proximate result of Defendants' aforementioned conduct, Plaintiff has incurred other financial expenses to which he may otherwise be entitled to recover.

12

**WHEREFORE**, Plaintiff demands judgment for compensatory damages against Defendants for such sums as would reasonably and properly compensate him for injuries in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), together with delay damages, interest, costs, attorneys' fees, and declaratory and injunctive relief.

<u>**JURY DEMAND**</u>

Plaintiff hereby demands a trial by jury as to each count and each Defendant.

Respectfully submitted,

LEVIN & ZEIGER, LLP
1500 JFK Blvd, Suite 620
Philadelphia, Pennsylvania 19102
215.546.0340

*/s/ Brian J. Zeiger*
BRIAN J. ZEIGER, ESQUIRE
PA ID NO. 87063
zeiger@levinzeiger.com

*/s/ Laura Zipin*
LAURA ZIPIN, ESQUIRE
PA ID NO. 324914
zipin@levinzeiger.com

LEVIN & ZEIGER LLP
1500 JFK BLVD, SUITE 620
PHILADELPHIA, PENNSYLVANIA 191029
215.546.0340