UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AARON AUTEN,<br>Plaintiff,<br><br>v.<br><br>CITY OF LANCASTER, *et al.*,<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>: | No. 5:26-cv-1481 |

**OPINION**

**Defendant Thorne's Motion to Dismiss, ECF No. 25 – Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**
**United States District Judge**

**September 2, 2026**

## I. INTRODUCTION

In this § 1983 action, Plaintiff Aaron Auten claims that his constitutional rights were violated surrounding his arrest outside a bank. Bank employees allegedly called the police and falsely reported that Auten had been trespassing inside the bank. One of the bank employees, Defendant Kathy Thorne, has filed a Motion to Dismiss. For the reasons set forth below, Thorne's Motion to Dismiss is granted as to the § 1983 claims but denied as to the Pennsylvania law claims.

## II. BACKGROUND

Auten alleges that on July 29, 2024, he went to Starbucks on Queen Street in Lancaster City. *See* Compl. ¶ 9, ECF No. 1. The Starbucks was near The People's Bank, which is owned by Orrstown Bank. *See id.* ¶¶ 11-12. Auten alleges that he exited Starbucks to smoke a cigarette and was lawfully standing outside when James Castaner, a security guard at the bank, told him to put his cigarette out. *See id.* ¶¶ 14, 16. After Auten declined, Castaner and another bank

employee, Thorne, called the police. *See id.* ¶¶ 15, 17-18. Auten alleges that Castaner and Thorne falsely told police that Auten was trespassing inside the bank even though Auten was never inside the bank. *See id.* ¶ 19. Police officers Michael Hagen and Shwebel, who arrived on scene, asked Auten for identification. *See id.* ¶¶ 20-21. Auten refused to provide identification after being told it was a mere encounter and asked for a complaint form to file against the Officers. *See id.* ¶¶ 23-24. Allegedly in retaliation, the Officers pushed Auten into a wall. *See id.* ¶¶ 25-26. Auten alleges that he was falsely arrested and charged with crimes. *See id.* ¶ 27. The charges were eventually dismissed. *See id.* ¶ 29.

On March 9, 2026, Auten filed a Complaint in the above-captioned action against The People's Bank, Orrstown Bank, Castaner,[1] Thorne, Hagen, Shwebel, and the City of Lancaster. The Complaint includes eight (8) counts: (I) violation of 42 U.S.C. § 1983 against all Defendants; (II) Fourth Amendment excessive force against Officers Hagen and Schwebel; (III) Fourth Amendment unlawful seizure against all individual Defendants; (IV) Fourth Amendment malicious prosecution against all individual Defendants; (V) Conspiracy under the Fourth Amendment against all individual Defendants; (VI) *Monell* claim under the Fourth Amendment against the City; (VII) False Imprisonment under Pennsylvania law against all individual Defendants; and (VIII) Malicious Prosecution under Pennsylvania law against all individual Defendants. *See* Compl. ¶¶ 34-85.

On July 10, 2026, Thorne filed a Motion to Dismiss the Complaint. *See* Mot., ECF No. 25; Brief, ECF No. 25-2. She argues that Auten fails to sufficiently allege a claim under § 1983 because Thorne is a private actor, that the Complaint fails to allege sufficient facts to support a

---

1 The deadline for Auten to serve Defendant James Castaner, III, which was extended several times, is September 30, 2026. *See* ECF Nos. 20, 30.

constitutional violation as to Thorne, and that the Complaint fails state a claim for false imprisonment or malicious prosecution under Pennsylvania law because there are no allegations that Thorne intentionally fabricated a report to police or initiated the prosecution against Auten. *See id.* On July 24, 2026, Auten filed a brief in opposition to the Motion. *See* Resp., ECF No. 28. Auten argues that Thorne acted under color of state law through joint action and conspiracy and that the Officers actions and Auten's arrests were foreseeable consequences of her deliberately false police report. *See id.*

## III. LEGAL STANDARDS

### A. Motion to Dismiss, Rule 12(b)(6) – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

"In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents

if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). *See also Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007) (holding that "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)). Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). The defendant bears the burden of demonstrating that the plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

### B. Section 1983 – Review of Applicable Law

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* The first step for the court analyzing a claim under § 1983 "is to identify the exact contours of the underlying right said to have been violated." *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 841 n.5 (1998). The court must

determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *See Nicini v. Morra*, 212 F.3d 798, 806 (3d Cir. 2000) (quoting *Id.*). Section "1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotations omitted). The court must also determine whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). To answer that question, the United States Court of Appeals for the Third Circuit has outlined three broad tests: "(1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). A "defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id.*

**C. Civil Conspiracy – Review of Applicable Law**

A private party may act under color of state law if that party acted "jointly," "in concert,"' or "in conspiracy" with state officials. *See Cruz v. Donnelly*, 727 F.2d 79, 80 (3d Cir.

1984). "To prevail on a conspiracy claim under § 1983, a plaintiff must prove that [1] persons acting under color of state law reached an understanding to deprive him of his constitutional rights" and (2) "provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 295 (3d Cir. 2018) (internal quotations omitted) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150-52 (1970); *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184-85 (3d Cir. 2009)). "To demonstrate the existence of a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right under color of law." *Laurensau v. Romarowics*, 528 F. App'x 136, 140 (3d Cir. 2013) (internal quotations omitted). "To show agreement, [the plaintiff] must demonstrate that 'the state actors named as defendants in the[] complaint somehow reached an understanding to deny [the plaintiff] his rights.'" *Jutrowski v. Twp. of Riverdale*, 904 F.3d at 295 (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 185 (3d Cir. 1993)). "[I]n the absence of direct proof, that 'meeting of the minds' or 'understanding or agreement to conspire' can be 'infer[red]' from circumstantial evidence." *Jutrowski v. Twp. of Riverdale*, 904 F.3d at 295 (quoting *Startzell v. City of Philadelphia*, 533 F.3d 183, 205 (3d Cir. 2008)). The plaintiff must assert specific facts from which a conspiratorial agreement can be inferred, including the times and places of meetings and the general role of each conspirator. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178- (3d Cir. 2010); *Marroni v. Sykes*, No. 91-6206, 1992 U.S. Dist. LEXIS 9155, at *10 (E.D. Pa. June 23, 1992).

**D. Fourth Amendment Unlawful Seizure**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const.

Amend. IV. A seizure "does not occur whenever there is a governmentally caused termination of an individual's freedom of movement," nor even whenever a government actor desires to terminate an individual's freedom of movement. *Brower v. County of Inyo*, 489 U.S. 593, 596-97 (1989). Rather, a Fourth Amendment seizure occurs "only when there is a governmental termination of freedom of movement through means intentionally applied." *Id.* at 597 (emphasis in original). "Seizures—whether through arrest or post-arrest detention—are reasonable 'only if based on probable cause to believe that the individual has committed a crime.'" *Kendig v. Stolar*, 173 F.4th 466, 472 (3d Cir. 2026) (quoting *Bailey v. United States*, 568 U.S. 186, 192 (2013)).

**E. False Imprisonment – Review of Applicable Law**

Under Pennsylvania law, the "elements of false imprisonment are (1) the detention of another person, and (2) the unlawfulness of such detention." *Renk*, 641 A.2d at 293. To succeed on a claim for false imprisonment, a plaintiff must establish that he was unlawfully detained, which, in the context of an arrest, generally depends on whether the detention was supported by probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 682-83 (3d Cir. 2012). "[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." *Groman*, 47 F.3d at 636.

**F. Malicious Prosecution – Review of Applicable Law**

To state a claim for malicious prosecution under Pennsylvania law, the plaintiff "must demonstrate that (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice." *Hilfirty v. Shipman*, 91 F.3d 573, 579 (3d Cir. 1996) (citing *Haefner v. Burkey*, 626 A.2d 519,

521 (Pa. 1993)). Pursuant to the first element, "only a person who initiates criminal proceedings may be liable for malicious prosecution." *Taylor v. City of Phila.*, No. 96-740, 1998 U.S. Dist. LEXIS 4295, at *25-26 (E.D. Pa. Apr. 1, 1998). A private party may be liable for malicious prosecution in two circumstances: (1) the private individual provides knowingly false statements to an official, or (2) the private individual directs or pressures an official to initiate charges, thereby making the officer's intelligent use of discretion impossible. *See Bradley v. Gen. Accident Ins. Co.*, 778 A.2d 707, 711 (Pa. Super. 2001). The purpose of the second element, referred to as the favorable termination rule, "is to avoid 'the possibility of the claimant [sic] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction.'" *Kossler v. Crisanti*, 564 F.3d 181, 187 (3d Cir. 2009) (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). As to the third element, probable cause is "defined in terms of facts and circumstances 'sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense.'" *Gerstein v. Pugh*, 420 U.S. 103, 111-12 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). Under federal law, a plaintiff must also show that the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a proceeding. *See McKenna v. City of Phila.*, 582 F.3d 447, 461 (3d Cir. 2009).

**G. Probable Cause**

"Probable cause does not require the same type of specific evidence of each element of the offense as would be needed to support a conviction. Rather, the court will evaluate generally the circumstances at the time of the arrest to decide if the officer had probable cause for his action." *Adams v. Williams*, 407 U.S. 143, 149 (1972) (internal citation omitted). "Probable

cause exists if there is a 'fair probability' that the person committed the crime at issue." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (citation omitted). *See also Orsatti v. N.J. State Police*, 71 F.3d 480, 483 (3d Cir. 1995) ("[P]robable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."). "The probable cause inquiry looks to the totality of the circumstances; the standard does not require that officers correctly resolve conflicting evidence or that their determinations of credibility, were, in retrospect, accurate." *Wright v. City of Phila.*, 409 F.3d 595, 603 (3d Cir. 2005).

## IV. DISCUSSION

### A. Count I fails as a matter of law.

Count I, which is titled Violation of 42 U.S.C. § 1983, is improperly pled because "§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham*, 490 U.S. at 393-94 (internal quotations omitted). Count I alleges that Defendants violated the "Fourth, and Fourteenth Amendments of the United States Constitution by illegally seizing his person and using excessive force against him." *See* Compl. ¶ 37.[2] To the extent the Complaint seeks to hold Thorne liable for the alleged unlawful seizure, the allegations are encompassed in Count III. The Fourth Amendment excessive force claim is encompassed in Count II as to Officers Hagen and Schwebel, only. Regardless, there are no allegations suggesting that Thorne had any involvement with the alleged excessive force.

[2] The Complaint also suggests a violation of Auten's First Amendment rights, *see* Compl. ¶ 37, but there are no allegations in the Complaint that would support a First Amendment claim. His conclusory allegation is therefore insufficient. *See Iqbal*, 556 U.S. at 678 (holding that conclusory allegations do not suffice to state a claim).

Count I is therefore dismissed with prejudice as to Thorne.[3]

**B. The § 1983 constitutional claims against Thorne are dismissed.**

Although § 1983 "does not require that the defendant be an officer of the State," a private-party defendant may only be a "state actor" if he or she is "a willful participant in joint action with the State or its agents." *See Dennis v. Sparks*, 449 U.S. 24, 27-28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions."). *See also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) ("Action taken by private entities with the mere approval or acquiescence of the State is not state action."). The Complaint here is completely devoid of any factual allegations of joint action. The only allegations of any interaction between Thorne and the officers (or any state actor) are that "Thorne and Castaner called the police to have Plaintiff removed from the public sidewalk while he was smoking" and after the Officers arrived, "Thorne and Castaner falsely told police that Plaintiff was trespassing inside the bank." Compl. ¶¶ 18-19. However, "[m]erely calling the police, furnishing information to the police, or communicating with a state official does not rise to the level of joint action necessary to transform a private entity into a state actor." *Cooper v. Muldoon*, No. 05-4780, 2006 U.S. Dist. LEXIS 23388, at *7 (E.D. Pa. Apr. 26, 2006). *See also Rorvik v. Bucks Cnty.*, No. 26-CV-1833, 2026 U.S. Dist. LEXIS 157124, at *14-15 (E.D. Pa. July 15, 2026) (holding that a person is not become a state actor by merely giving false information to the police); *Yoast v. Pottstown Borough*, 437 F. Supp. 3d 403, 420-21

[3] This Court finds that leave to amend would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court may deny leave to amend if an "amendment would be inequitable or futile"); *Harper v. Dinella*, 589 F. App'x 67, 69 (3d Cir. 2015) (finding that an amendment would be futile because the claims failed as a matter of law).

(E.D. Pa. 2020) ("Providing false information to the police—even deliberately—does not transform a private party into a state actor.").

The Complaint is also devoid of any factual allegations of an agreement or conspiracy. "[T]he bare allegation of an agreement is insufficient to sustain a conspiracy claim." *Brown v. Deparlos*, 492 F. App'x 211, 215 (3d Cir. 2012). *See also Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010) (refusing to consider the plaintiff's conclusory allegations that there was a "corrupt conspiracy," "an agreement," or "an understanding in place," between the private-party defendants and state actors). "[A]lthough the allegations in a civil rights complaint are not held to a heightened pleading standard, a plaintiff must assert facts showing a conspiracy with some particularity." *Humphreys v. PPL Elec. Utils. Corp.*, No. 12-4334, 2014 U.S. Dist. LEXIS 154819, at *5-6 (E.D. Pa. Oct. 30, 2014) (internal citation omitted). "In order to establish Section 1983 liability of private parties who participate in an allegedly unconstitutional police investigation, the plaintiff must plead the existence of an agreement between police and the private individual, and under the agreement, the police will arrest anyone identified by the individual without evaluating probable cause." *Denithorne v. Ingemie*, No. 15-5220, 2016 U.S. Dist. LEXIS 22236, at *4-5 (E.D. Pa. Feb. 24, 2016). No such agreement is alleged; rather, the Complaint makes a few conclusory allegations of a conspiracy with no factual support. *See* Compl. ¶ 50 ("Defendants acted in concert and conspiracy with each other to deprive Plaintiff of his liberty."); ¶ 65 ("Defendants in this matter conspired to deprive Plaintiff of his constitutional rights."); ¶ 66 ("Defendants took overt steps in furtherance of the conspiracy to falsely arrest and maliciously prosecute Plaintiff."). Such bare-bones allegations are insufficient to show a conspiracy so as to convert Thorne into a state actor. *See Iqbal*, 556 U.S. at 678 (holding that conclusory allegations do not suffice to state a claim); *Yoast*,

437 F. Supp. 3d 403, 420-21 (E.D. Pa. 2020) (determining that the "conclusory allegations that the defendants were 'acting in concert' or 'acted in collusion' cannot support his claim" of a conspiracy between non-state actors and the officers that filed criminal charges against the plaintiff); *Plouffe v. Gambone*, No. 11-6390, 2012 U.S. Dist. LEXIS 85405, at *17 (E.D. Pa. June 20, 2012) (dismissing the § 1983 claims because there were no facts connecting the defendant's actions or failure to act with state actors, suggesting a meeting of the minds, or otherwise supporting a plausible inference of conspiracy).

Moreover, a "conspiracy cannot exist, for purposes of § 1983, where the public officials are unaware of the violative nature of their actions due to the misrepresentations of the private parties." *Gilbert v. Feld*, 788 F. Supp. 854, 860 (E.D. Pa. 1992). There are no factual allegations in the Complaint that Officers Hagen and Schwebel knew the information Thorne provided was false. *See generally* Compl.

Accordingly, all § 1983 claims against Thorne are dismissed. *See Denithorne v. Ingemie*, No. 15-5220, 2016 U.S. Dist. LEXIS 22236, at *4-5 (E.D. Pa. Feb. 24, 2016) (dismissing the § 1983 claim because the defendant, who allegedly called the police and falsely stated that the plaintiff had assaulted her then asked the police officers to arrest and charge the plaintiff, was not a state actor). Specifically, Counts III, IV, and V[4] are dismissed without prejudice.[5]

---

[4] To the extent the conspiracy claim in Count V is based on an underlying Fourth Amendment violation, it is duplicative of the Fourth Amendment claims in Counts III and IV. *See Ober v. Miller*, No. 1:04-CV-1669, 2007 U.S. Dist. LEXIS 93236, at *64-65 (M.D. Pa. Dec. 18, 2007), *aff'd* 2010 U.S. App. LEXIS 19957 (3d Cir. Pa. Sept. 27, 2010) (The plaintiff's "§ 1983 conspiracy claim is merely duplicative of others claims averred in his complaint. It is not a separate cause of action.").

[5] Although this Court questions whether an amendment would be futile, the allegations are so lacking that this determination cannot be made and therefore allows leave to amend. *See Alston*, 363 F.3d at 235 (3d Cir. 2004) (holding that a court "*must* permit a curative amendment, unless an amendment would be inequitable or futile" (emphasis added)).

### C. The Complaint has stated a claim under Pennsylvania law for false imprisonment and malicious prosecution.

Contrary to Thorne's suggestion in the Motion to Dismiss that the Complaint "must plead specific facts detailing that [Thorne] knew the report was false when she made it to police," Brief 8, Auten's allegation that "Thorne and Castaner *falsely told* police that Plaintiff was trespassing inside the bank," *see* Compl. ¶ 19 (emphasis added), is sufficient at the pleading stage to state a claim for false imprisonment and for malicious prosecution. *See Doby v. Decrescenzo*, No. 94-3991, 1996 U.S. Dist. LEXIS 13175, *38 (E.D. Pa. Sept. 9, 1996) (holding that a private individual can be liable if he has either knowingly provided false information to authorities or knowingly provided incomplete, misleading information to the authorities which resulted in the detention of another); *Gilbert v. Feld*, 788 F. Supp. 854, 862 (E.D. Pa. 1992) (denying the motion to dismiss the state-law claims of malicious prosecution and false arrest/imprisonment where "the private-party defendants provided the Montgomery County District Attorney's Office with false and misleading information in order to instigate criminal charges against plaintiff").[6]

Notably, the Oficers would not have been at the bank but for the call Thorne and Castaner placed to police. *See* Compl. ¶ 15. This call, coupled with Thorne's allegedly false statement to police that Auten was trespassing is sufficient from which this Court could conclude that Auten's arrest was instigated by Thorne. *See Simmons v. Poltrone*, No. 96-8659, 1997 U.S. Dist. LEXIS 20512, at *21 (E.D. Pa. Dec. 17, 1997) (explaining that "a private citizen may be liable for false imprisonment or false arrest 'if an officer makes an arrest without a warrant solely at the request or instigation of [the] private citizen . . . .'" (quoting American Law of Torts, §

[6] This Court need not evaluate whether there was probable cause for the arrest because the "issue of whether probable cause existed is inexorably tied" to the allegedly false information provided by Thorne to the arresting Officers. *See Doby*, 1996 U.S. Dist. LEXIS 13175, at *41-42.

27:4, at 951(emphasis in original)"); *Gilbert*, 788 F. Supp. at 862 (finding that the complaint was sufficient to state a claim for false arrest/imprisonment where the private-party defendant "instigated an arrest or imprisonment through his influence on a third party").

Thorne's suggestion that intervening actions led to Auten's arrest, such that Thorne's false information was not the basis of Auten's arrest and prosecution, *see* Brief 8-9, is unpersuasive at this stage of the proceedings. The Complaint does not allege, nor do the allegations suggest, that Auten was arrested for any reason other than the allegedly false report. *See* Compl. ¶¶ 51, 61 (alleging that Auten was arrested on "false criminal charges"). Although the charges are not specified, this Court may reasonably infer that the charges included trespassing. *See Iqbal*, 556 U.S. at 678 (allowing the court to draw reasonable inferences from the allegations). The intervening actions between Auten and the Officers, in which Auten allegedly refused to provide identification, requested a complaint form, and was pushed into a wall, had no impact on the trespassing charge(s).

Consequently, Thorne's Motion to Dismiss Counts VII and VIII is denied.[7]

[7] This case is distinguishable from *Garcia*, upon which Thorne relies, wherein the security officer evicted the plaintiff from the casino believing that he was responsible for the theft of a patron's wallet based on, *inter alia*, the plaintiff's similar appearance in security footage to the person actually responsible for the theft and presence in the area of the theft. *See Garcia v. Wind Creek Bethlehem, LLC*, No. 5:22-cv-00292, 2022 U.S. Dist. LEXIS 163655 (E.D. Pa. Sep. 12, 2022). Unlike the instant action, the casino defendants did not call the police on Garcia; rather, he contacted the police upset that he had been evicted from the casino. *See Garcia*, 2022 U.S. Dist. LEXIS 163655, at 44. Also, "[d]espite [the plaintiff's] allegation that Wind Creek security told Bethlehem Police to arrest Garcia, there are no allegations to show Wind Creek security had any control over the Bethlehem Police Department." *Id.* at *37-38. The defendant in *Garcia* did not "instigate" charges or the arrest, unlike here. Also unlike the instant action, there were intervening circumstances (a bench warrant for Garcia, which was the cause of his arrest, not theft charges) that "preclude[d] the Casino Defendants from being the proximate cause of Garcia's harm." *See id.* at *38. Finally, unlike Garcia, who alleged mistaken identity for the theft, there are no allegations in the instant Complaint from which a mistake could be inferred. *Cf. id.* at *38 (finding that "there are no factual allegations in the Amendment Complaint to show that [the defendant] knew he wrongly identified Garcia as the person responsible for the theft or

## V. CONCLUSION

Count I fails as a matter of law because 42 U.S.C. § 1983 is not itself a source of substantive rights, and is dismissed with prejudice as to Thorne. The § 1983 claims in Counts III, IV, and V are dismissed without prejudice as to Thorne because the allegations are insufficient to show that Thorne was a state actor. However, the allegations that Thorne falsely told police that Auten was trespassing inside the bank, which led to Auten's arrest, is sufficient at this stage of the proceedings to that a claim under Pennsylvania law for false imprisonment and for malicious prosecution (Counts VII and VIII).[8]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

that he knowingly provided false or incomplete information to [the] Trooper"), *with* Compl. ¶ 19 (alleging Thorne "falsely told police that Plaintiff was trespassing inside the bank, but Plaintiff was never inside the bank").

[8] Although all federal claims against Thorne have been dismissed and this Court lacks diversity jurisdiction, this Court will exercise supplemental jurisdiction over the surviving claims against Thorne because they are connected to the federal claims against the Officers, which remain pending. *See Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) ("A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary."); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) (directing the district courts to consider factors such as judicial economy, convenience, and fairness to litigants in deciding whether to exercise supplemental jurisdiction).